UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY )<br>)<br>          Plaintiff,       )<br>)<br>v.                              )<br>)<br>(1) WINDWARD STUMP PASS MARINA )<br>OWNER, LLC, (2) WINDWARD STUMP )<br>PASS RESTAURANT ONWER, LLC,   )<br>(3) WINDWARD STUMP GROUP, LLC )<br>)<br>          Defendants.     )<br>_____) | Case. No. |

**PLAINTIFF ARGONAUT INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, ARGONAUT INSURANCE COMPANY, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201 and Rule 8 of the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Southern District of Florida, and for its Complaint for Declaratory Judgment would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of insurance issued by the Plaintiff to the Assureds named therein, (1) WINDWARD STUMP PASS MARINA, OWNER, LLC, (2) WINDWARD STUMP PASS RESTAURANT

1

        ONWER, LLC, (3) WINDWARD STUMP GROUP, LLC, located at 2999 NE 191st Street, #800, Aventura, FL 33180.

3. Plaintiff, ARGONAUT INSURANCE COMPANY, (hereinafter "ARGONAUT") is a corporation organized and existing under the laws of the State of Nebraska, with its office and principal place of business located in the State of Nebraska.

4. Defendants (1) WINDWARD STUMP PASS MARINA, OWNER, LLC, (2) WINDWARD STUMP PASS RESTAURANT ONWER, LLC, (3) WINDWARD STUMP GROUP, LLC (hereinafter, collectively, "WINDWARD") are corporations organized and existing under the laws of the State of Florida, with their principal place of business and agent for service of process in the State of Florida.

5. The present controversy between ARGONAUT and WINDWARD is a first-party insurance coverage dispute concerning property with a combined insured value of $688,067.00.

6. As the parties are of diverse citizenship, and the amount in controversy between the parties exceeds $75,000.00, this court has subject matter jurisdiction over this matter pursuant to U.S. Const. art. III, §2 and 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

7. In October 2023, ARGONAUT issued to WINDWARD a policy of marine insurance, bearing Policy No. 726OM5077-01 (hereinafter "the Policy"), which incepted on October 31, 2023, affording certain first-party coverage for the scheduled property, subject to the Policy's express and implied terms, provisions, exclusions, and conditions.

8. A true and correct copy of the Policy is attached hereto as Exhibit 2.[1]

---

[1] The Civil Cover Sheet is attached hereto as Exhibit 1.

9. The Policy states, in relevant part:

**Argonaut Insurance Company**
(a stock company)
225 W. Washington Street, 6th Floor
Chicago, IL 60606

**COMMERCIAL LINES POLICY**
**COMMON POLICY DECLARATIONS**

POLICY NO.: 726OM5077-01

| NAMED INSURED AND ADDRESS: | PRODUCER: |
|---|---|
| Windward Stump Pass Marina Owner, LLC; | Marsh & McLennan Agency, LLC |
| Windward Stump Pass Restaurant Owner, LLC | 1000 Corporate Drive, Ste. 400 |
| Windward Marine Group, LLC | Fort Lauderdale, FL 33334 |
| 2999 NE 191st St., #800 | Through Marine Underwriters of America |
| Aventura, FL 33180 | |

POLICY PERIOD: From: 10/31/2023 To: 10/31/2024 at 12:01 A.M. Standard time at your mailing address shown above.

BUSINESS DESCRIPTION:

__Individual __Joint Venture _Partnership _X_ Limited Liability Company (LLC) __Organization (Other than Partnership, LLC or Joint Venture)

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | |
|---|---|
| Marine General Liability including Marina Operators Legal Liability | $27,118.00 |
| Contractor's Equipment | $ 8,229.00 |
| Total Premium | $35,347.00 |

Ex 2, p. 000001.

10. During September 2024 and October 2024, South Florida was hit by Hurricane Helene and Hurricane Milton.

11. Thereafter, WINDWARD reported to ARGONAUT that several of its forklifts were damaged as a result of Hurricane Helene and Hurricane Milton.

12. The damaged forklifts were (1) a 1996 Clark C500Y200M bearing serial number Y2235Ht-00108523 (hereinafter "the Clark") and (2) a Hoist M250S bearing serial number 31946 (hereafter "the Hoist").

13. Following the report of the loss, ARGONAUT caused to be conducted a full investigation into the causes and circumstances of the damage suffered by the Clark and the Hoist.

14. The said investigation established that the Policy afforded no coverage for some or all of the physical damage suffered by the Clark and the Hoist.

15. Notwithstanding the lack of any coverage under the terms of the Policy, WINDWARD has made and continues to make a claim against ARGONAUT for first-party property damage coverage for the Clark and the Hoist.

## FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 15 as if set forth fully herein.

17. The Policy's declarations page for Contractors Equipment states, in pertinent part:

**CONTRACTORS EQUIPMENT POLICY - DECLARATIONS**

| INSURED AND MAILING ADDRESS | POLICY NUMBER |
|---|---|
| Windward Stump Pass Marina Owner, LLC<br>Windward Stump Pass Restaurant Owner, LLC<br>Windward Marina Group, LLC<br>2999 NE 191st St., #800<br>Aventura, FL 33180 | 726OM5077-01 |

**SCHEDULED EQUPMENT:**

| # | Amount | Description |
|---|---|---|
| 1. | $ 4,000.00 | Komatso Forklift; 300lb; Serial# 317152-A |
| 2. | $ 24,324.00 | 2014 Toyota 8FDU30, 6000lb. Diesel Forklift; Serial# 60183 |
| 3. | $ 155,000.00 | 1996 Clark Forklift; C500Y200M; Serial# Y2235Ht-00108523 |
| 4. | $ 5,000.00 | Club Car 2 Seater Maint Cart; Serial# RG9919-762103 |
| 5. | $ 5,500.00 | Club Car 4 passenger; Serial# PH1339-404111 |
| 6. | $ 6,000.00 | Club Car 4 Passenger; Serial# PH1320-367351 |
| 7. | $ 90,000.00 | 25' Enclosed Trailer |
| 8. | $ 533,067.00 | Hoist M250S, Stock #006190, Serial # 31946 |

Ex 2, p. 000015.

18. The Policy's schedule of forms (MUA 0036 0123) states, in pertinent part:

```
MUA 0036 0123 Argo Common Dec Page
PRIVACY NOTICE – 0415 – Privacy Policy – Argo US
IL P 001 0104    OFAC Advisory Notice to Policy Holders
MUA 0001R 1216 Marine GL Dec Page
MUA 0011 1109 Contractor's Equipment Dec Page
MUA 1001 0221 Marine General Liability – Marina Operators Legal Liability
MUA 8003 0415 Common Policy Conditions
MUA 8002 1109 Inland Marine Conditions
MUA 8001 1216 Contractor's Equipment
MUA 1000 0222 Hazards Excluded
MUA 1011 1109 Blanket Additional Insured
MUA 1015 0410 Diving Exclusion
MUA 1019 1109 Cross Liability Exclusion
MUA 1025 1109 Leased Worker Exclusion
MUA 1029 1109 Liability Exclusions and Limitations
MUA 1030 0312 Limitation to Specific Operations
MUA 1039 1109 Paint Overspray Exclusion
MUA 1043 1109 Sudden and Accidental Pollution (watercraft)
MUA 1045 1109 Subcontractor Certificate Warranty
MUA 1048 0610 Terrorism Exclusion
MUA 1058 1109 Employee Benefits Liability
MUA 3021 0219 Recreational In Water Activities Exclusion
MUA 8017 1109 Flood Exclusion
MUA 8026 1109 Total Loss of Equipment
```

Ex 2, p. 000003 [highlight added].

19.  The Policy's Contractor's Equipment Coverage (MUA 8001 1216) states, in pertinent part:

**CONTRACTOR'S EQUIPMENT COVERAGE**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

…

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property from any of the Covered Causes of Loss.

**1. Covered Property**

Covered Property, as used in this coverage form, means the following property described in the Declarations:

**a.** Your contractor's equipment; and

…

**3. Covered Causes Of Loss**

Covered Causes of Loss means Direct Physical Loss Or Damage to Covered Property except those causes of loss listed in the Exclusions.

…

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage.

Ex 2, p. 000053-000054.

20.  The Policy's Flood Exclusion endorsement (MUA 8017 1109) states, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**FLOOD EXCLUSION**

This endorsement modifies insurance provided under the following:

**CONTRACTORS EQUIPMENT COVERAGE PART**

The following is added to the **Exclusions** section and is therefore not a Covered Cause of Loss:

**Water**

(1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
(2) Mudslide or mudflow;
(3) Water that backs up or overflows from a sewer, drain or sump; or
(4) Water under the ground surface pressing on, or flowing or seeping through:
 (a) Foundations, walls, floors or paved surfaces;
 (b) Basements, whether paved or not; or
 (c) Doors, windows or other openings.

5

Ex 2, p. 000086.

21. Some or all of the of the physical damage to the Clark and the Hoist was caused directly or indirectly by water, surface water, waves, tides, tidal waves, or overflow of a body of water.

22. The Policy affords no coverage for any claim of physical damage caused directly or indirectly by water, surface water, waves, tides, tidal waves, or overflow of a body of water.

23. Notwithstanding the lack of any coverage under the Policy for physical damage to the Clark and the Hoist, WINDWARD has made and continues to make a demand for coverage of the physical damage claims pertaining to the Clark and the Hoist.

24. As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.

25. Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

26. As a result of WINDWARD's demands for first-party property damage coverage under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a *bona fide*, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)  Declaring that Policy No. 726OM5077-01 affords no first-party property damage coverage for the claims pertaining to the Clark and the Hoist asserted by WINDWARD;

(B)  Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:   April 29, 2025
         Fort Lauderdale, Florida

THE GOLDMAN MARITIME LAW GROUP
*Attorneys for Plaintiff*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Tel (954)356-0460
Fax (954)832-0878
Cel (617)784-1100

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573